IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Ronald W. HENDREE, Attorney at Law.

Supreme Court

*No. 97–1746–D. Filed July 1, 1997.*

(Also reported in 565 N.W.2d 119.)

¶ 1.  PER CURIAM.  We review the complaint of
the Board of Attorneys Professional Responsibility

(Board) filed June 10, 1997 alleging that Attorney Ronald W. Hendree engaged in numerous acts of professional misconduct. With the complaint there was filed a stipulation, pursuant to SCR 21.09(3m),[1] in which Attorney Hendree admitted the allegations and in which he and the Board stipulated to the Rules of Professional Conduct for Attorneys that misconduct violated. The parties further stipulated that a one-year suspension of Attorney Hendree's license to practice law be imposed as discipline for it.

¶ 2.   We accept the stipulation and adopt the findings of fact and conclusions of law set forth in it and impose the stipulated one-year license suspension as discipline for Attorney Hendree's professional misconduct.  On several occasions, Attorney Hendree knowingly disobeyed professional obligations under the rules of a tribunal in which he was appearing, failed to return advance payment of fees that he did not earn, misrepresented to clients actions he had taken on their behalf, misrepresented facts to the Board in its investigation into his conduct, failed to act promptly and diligently in representing clients, and failed to

---

[1] SCR 21.09 provides, in pertinent part:

**Procedure**

. . .

(3m)   The board may file with a complaint a stipulation by the board and the respondent attorney to the facts, conclusions of law and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. If the supreme court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. If the supreme court rejects the stipulation, a referee shall be appointed pursuant to sub. (4) and the matter shall proceed pursuant to SCR chapter 22. A stipulation that is rejected has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the board's prosecution of the complaint.

comply with the record-keeping requirements in respect to his client trust account and commingled his personal property with that of his clients in that account. In addition to the license suspension, we order Attorney Hendree to make restitution to clients whose advance fee payments he failed to return, as the parties had stipulated.

¶ 3.  Attorney Hendree was licensed to practice law in Wisconsin in June, 1991 and practices in Milwaukee. In February, 1997, he consented to a public reprimand imposed by the Board for the following misconduct: failing to put a contingency fee arrangement in writing, failing to diligently pursue the legal matter of a union and its individual members, keep those clients reasonably informed of the status of their matters, and promptly comply with their reasonable requests for information, failing to take reasonable steps to protect the union's interests by timely returning its files and papers, failing to return the $3750 advance fee from the union for costs of litigation he never pursued, and failing to provide competent representation in the matter by not doing the preparation reasonably necessary to handle it. The parties stipulated to the following facts concerning Attorney Hendree's professional misconduct considered in this proceeding.

¶ 4.  In the summer of 1995, Attorney Hendree did not appear on the date scheduled for a client's trial on a misdemeanor battery charge, although he knew he would not be available on that date because he was appearing in a felony jury trial for another client. Nonetheless, he did not return the client's $750 advance fee payment when the client requested it, thus violating SCR 20:1.16(d).[2] Thereafter, he did not pay

---

[2] SCR 20:1.16 provides, in pertinent part:

the client the $750 notwithstanding an agreement he signed to abide by the decision of the arbitrator to which the matter was referred, thereby violating SCR 20:3.4(c).[3]

¶ 5. In 1995, Attorney Hendree was retained to represent a client on an armed robbery charge but did not appear at the client's probation revocation hearing or respond to letters from Division of Hearings and Appeals notifying him of his failure to appear and rescheduling the hearing. Attorney Hendree also failed to appear at rescheduled hearings, thus knowingly disobeying his obligation under the rules of that hearing tribunal, in violation of SCR 20:3.4.(c).

¶ 6. When retained to represent a client in November, 1995 in several matters, Attorney Hendree had the client sign a fee agreement containing a provision that Attorney Hendree would not have to return the client's papers upon discharge unless all fees and costs had been paid, thus violating SCR 20:8.4(a),[4] as it included a provision violating his professional obliga-

---

**Declining or terminating representation**

. . .

(d)  Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[3] SCR 20:3.4 provides, in pertinent part:

**Fairness to opposing party and counsel**
A lawyer shall not:

. . .

(c)  knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

[4] SCR 20:8.4 provides, in pertinent part:

tion to return a client's file materials upon termination of representation. Attorney Hendree never told the client of any legal work he was pursuing on the client's behalf, failed to return several telephone messages, did not send the client any billing statements, and never corresponded with him. Attorney Hendree thus violated SCR 20:1.4(a)[5] by failing to keep his client reasonably informed of the status of his matters and promptly comply with reasonable requests for information concerning them.

¶ 7. In June, 1996, Attorney Hendree told his client, who had been convicted of several felonies and sentenced to prison and had said he wanted to appeal the conviction, that he had filed the requisite notice of intent to pursue postconviction relief. In fact, Attorney Hendree had not filed that notice, thus failing to act with reasonable diligence and promptness in representing the client, in violation of SCR 20:1.3.[6] His false statement to the client that he had filed the notice constituted dishonesty, fraud, deceit or misrepresenta-

---

**Misconduct**

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

[5] SCR 20:1.4 provides, in pertinent part:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[6] SCR 20:1.3 provides:

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

tion, in violation of SCR 20:8.4(c).[7] In the course of the Board's investigation of this matter, Attorney Hendree furnished a copy of a notice of intent he said he had filed, claiming that it was a copy generated from his computer, as he did not retain copies of those kinds of documents as filed. His misrepresentation to the Board in that regard violated SCR 22.07(2).[8]

¶ 8.  Attorney Hendree failed to file a response to a summary judgment motion or a request for an adjournment in a matter for which he was retained in the spring of 1995. His failure to act with reasonable diligence and promptness in the matter violated SCR 20:1.3. He did not respond to the client's request for the return of her files in order to defend a counterclaim in the matter, in violation of SCR 20:1.16(d). He ultimately returned the file by giving it to the Board after the client had filed a grievance and the Board commenced an investigation.

---

[7] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c)  engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[8] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2)  During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

¶ 9. In another matter, Attorney Hendree agreed to represent a client who was criminally charged but required a $1500 retainer before he would appear in court on the client's behalf. Although the client made payments totaling $400, Attorney Hendree never obtained a copy of the client's file from prior counsel and did not appear for the trial. At a hearing on the court's order to show cause why sanctions should not be imposed for his failure to appear, Attorney Hendree contended that because of his client's failure to meet the retainer terms, he was under no obligation to do so and asserted that he did not represent the client. Nonetheless, he did not return the client's $400 until five months later, thus violating SCR 20:1.16(d).

¶ 10. In May of 1996, Attorney Hendree was retained to represent a fugitive on federal drug charges who had eluded arrest after selling cocaine base to an undercover officer. After negotiating with federal law enforcement for his client's surrender and the return of the money used in the undercover operation, Attorney Hendree received partial payments of that money and turned it over to the authorities. However, he placed the final payment of $7500 in his briefcase in the trunk of his automobile and subsequently reported that his car had been broken into and his briefcase stolen. As a result of the alleged theft, the client lost the benefit of a sentence reduction agreement, and the federal authorities did not recover the $7500. Attorney Hendree's failure to properly safeguard that money belonging to a third person violated SCR 20:1.15(a).[9] In the Board's

---

[9] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds

investigation of this matter, Attorney Hendree knowingly made false statements to the Board concerning times and places he had contact with his client. He also misrepresented to the Board that he had disclosed to the federal authorities that he was accepting from the client in payment of his fee an automobile used in his client's commission of drug crimes. Those false statements of material fact knowingly made in the course of the disciplinary investigation violated SCR 20:8.1(a)[10] and 22.07(2).

¶ 11.    In the course of his representation of a client in May, 1996, Attorney Hendree was paid $500 to retain a drug abuse expert to refute an intent to deliver charge against the client. He did not deposit that money in a client trust account, in violation of SCR 20:1.15(a), and did not return the money to the client upon termination of his representation, in violation of SCR 20:1.16(d). During the Board's investigation, he falsely stated that he had disbursed the money to three designated experts on the client's behalf, thereby violating SCR 20:8.1(a) and 22.07(2). Although retained by the client also to challenge a forfeiture action con-

of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. . . .

[10] SCR 20:8.1 provides, in pertinent part:

**Bar admission and disciplinary matters**
   An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
   (a)   knowingly make a false statement of material fact;

447

cerning the automobile the client was driving when arrested, Attorney Hendree did not file an answer, as a result of which default judgment was granted. His failure to act with reasonable diligence and promptness in that matter violated SCR 20:1.3.

¶ 12.    In the course of the Board's investigation of these matters, Attorney Hendree was asked to produce records of his client trust account. From those records, it was learned that he failed to keep many of the specific records required by the trust account rules, including a cash receipts journal, a disbursements journal, and a monthly balance of each client's account. His failure to do so violated SCR 20:1.15(e) and his false statements on his annual State Bar dues statements for 1996 and 1997 certifying that he had complied with the record-keeping trust account requirements violated SCR 20:1.15(g).[11] It was also

---

[11] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**

. . .

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. . . .

learned that when he opened his client trust account, Attorney Hendree deposited $1000 of his own money into it. Also, he made disbursements from that account to clients and to his daughter, none of whom appeared to have funds on deposit in it. His commingling of personal property with that of his clients violated SCR 20:1.15(a).

¶ 13.   Finally, when the Board issued the public reprimand in February, 1997 for his conduct in representing a union of security guards, it was conditioned upon Attorney Hendree's refunding to that client the $3750 it had paid in advance for the costs of litigation he never pursued. Although he had agreed to make that repayment, Attorney Hendree has not made any of the monthly installment payments to which he agreed and has not contacted the Board to explain his failure to comply with that agreement or responded to the Board's written inquiry. Thus, Attorney Hendree has failed again to return property to which a client is entitled, in violation of SCR 20:1.16(d).

¶ 14.   The seriousness and extent of Attorney Hendree's professional misconduct in these matters requires discipline sufficiently severe to impress upon him and upon other attorneys the need to adhere to the obligations of the legal profession and to the rules regulating an attorney's professional conduct. The one-year license suspension to which the parties have stipulated

. . .

(g)   A member of the State Bar of Wisconsin shall file with the State Bar annually, with payment of the member's State Bar dues or upon such other date as approved by the Supreme Court, a certificate stating whether the member is engaged in the private practice of law in Wisconsin and, if so, the name of each bank, trust company, credit union or savings and loan association in which the member maintains a trust account, safe deposit box, or both, as required by this section. . . .

is appropriate to that purpose. In addition, Attorney Hendree is required to make restitution as soon as practicable to three of the clients in the matters set forth in this opinion and, in any event, before his license can be reinstated following the period of suspension.

¶ 15. IT IS ORDERED that the license of Ronald W. Hendree to practice law in Wisconsin is suspended for a period of one year, commencing August 4, 1997.

¶ 16. IT IS FURTHER ORDERED that within 60 days of the date of this order Ronald W. Hendree pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Ronald W. Hendree to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 17. IT IS FURTHER ORDERED that, as a condition of reinstatement of his license to practice law, Ronald W. Hendree shall make restitution as set forth in the stipulation of the parties on file in this proceeding.

¶ 18. IT IS FURTHER ORDERED that Ronald W. Hendree comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.