In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Ronald W. HENDREE, Attorney at Law:

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY
n/k/a Office of Lawyer Regulation, Complainant,

v.

Ronald W. HENDREE, Respondent.

Supreme Court

*No. 1997AP1746–D. Decided October 19, 2005.*

2005 WI 142

(Also reported in 705 N.W.2d 84.)

The Court entered the following order on this date:

We review the recommendation of the referee, Kathleen Callan Brady, that Ronald W. Hendree's petition seeking the reinstatement of his license to practice law in Wisconsin be denied. Ronald Hendree has not appealed from that recommendation. After our review pursuant to SCR 22.33(3), we adopt the referee's findings and agree that Hendree has not met his burden imposed by SCR 22.31 of demonstrating by clear, satisfactory, and convincing evidence that his resumption of the practice of law would not be detrimental to the administration of justice or subversive to the public interest. Accordingly, we deny Hendree's petition for reinstatement. Furthermore, we direct that the costs of the reinstatement proceedings, which are $6123.29 as of August 19, 2005, be paid by Hendree.

Hendree's license to practice law in Wisconsin was suspended for one year effective August 4, 1997. *See Disciplinary Proceedings Against Hendree*, 211 Wis. 2d 440, 565 N.W.2d 119 (1997). Hendree and the Board of Attorneys Professional Responsibility (BAPR), the predecessor to the Office of Lawyer Regulation (OLR) filed a stipulation in which Hendree admitted the allegations in BAPR's complaint and further stipulated that a one-year suspension was appropriate discipline for his misconduct, which included failing to return a client's advance fee payment upon request; disobeying an obligation under the rules of a tribunal; failing to keep a client reasonably informed about the status of a matter; failing to act with reasonable diligence and promptness in representing a client; engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; failing to properly safeguard money belonging to a third person; and making misrepresentations to BAPR in the course of

35

its investigation. As part of this court's suspension order, Hendree was ordered to make restitution to various parties and was required to comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

Hendree had previously been publicly reprimanded for misconduct with respect to his representation of a labor union and its members. That public reprimand was conditioned on his refunding $3750 to the labor union.

Hendree first petitioned for reinstatement of his license to practice law in August 1999. That petition was subsequently dismissed due to Hendree's failure to comply with the restitution terms of his suspension.

Hendree filed another petition for reinstatement in August 2004. The OLR opposed the petition. A hearing was held before the referee in May 2005. Various witnesses testified on Hendree's behalf. One witness testified in opposition to Hendree's petition for reinstatement, and other people wrote letters opposing the petition. On August 1, 2005, the referee issued a report recommending that the petition be denied.

In her report, the referee noted that various witnesses testified in support of Hendree's petition for reinstatement and commented about his wide range of community service to various groups and individuals. The referee said, however, those witnesses were not knowledgeable about the specifics of the facts surrounding Hendree's suspension and although the witnesses testified that Hendree was remorseful as to the loss of his license to practice law and its impact on his personal life, there was no testimony as to how his misconduct affected others.

The referee noted that one witness, Keith C., testified in opposition to the reinstatement of Hendree's license. Keith C. testified he had hired Hendree and paid him a

retainer fee and a week later when he returned to Hendree's office he found it closed. Keith C. testified that Hendree "defied the public trust." The referee noted that other former clients of Hendree wrote letters objecting to the reinstatement of his license to practice law.

The referee noted that Hendree was called as a witness adversely by the OLR and did not testify directly on his own behalf. Hendree testified that he disagreed with this court's conclusions in the public reprimand imposed on him in 1997 and he also disagreed with this court's findings in the 1997 suspension of his license to practice law. Hendree testified he stipulated to the one-year suspension because he had no money.

The referee found Hendree failed to make restitution to all persons injured or harmed by his misconduct as required by this court's previous orders. She noted Hendree testified the reason he failed to comply with the restitution orders was that he has no money, but he failed to file the financial information repeatedly requested by the OLR to substantiate his claim that it would be a hardship for him to make restitution at this time. The referee also noted that while Hendree furnished her and the OLR with copies of some income tax returns, the OLR noted that Hendree provided no evidence that the tax returns were in fact ever filed with the Internal Revenue Service and the Wisconsin Department of Revenue has no tax returns on file for him from 1996 to the present.

The referee noted that Hendree admitted he did not notify all clients, courts and tribunals of his suspension as required by SCR 22.26. She further noted that the Board of Bar Examiners (BBE) has not issued a recommendation concerning Hendree's petition for reinstatement because Hendree failed to submit all of the information requested by the BBE concerning his at-

37

tendance at various continuing legal education programs. The referee also noted that an OLR investigator testified she received a letter from the Wisconsin Lawyers Fund advising that Hendree owes the Fund $6230 for 17 former clients and that he has not paid any of those clients.

The referee noted that SCR 22.31 provides that in a reinstatement proceeding the petitioner has the burden of demonstrating, by clear, satisfactory and convincing evidence: (a) that he or she has the moral character to practice law in Wisconsin; (b) that his or her resumption of practice of law will not be detrimental to the administration of justice or subversive to the public interest; (c) that his or her representations in the reinstatement petition are substantiated; and (d) that he or she has complied fully with the terms of the order of suspension and with the requirements of SCR 22.26.

The referee concluded that Hendree failed to meet his burden of demonstrating by clear, satisfactory and convincing evidence that his representations were substantiated. The referee further found that Hendree failed to make restitution to or settle all claims of persons injured or harmed by his misconduct, including reimbursement to the Wisconsin Lawyers Fund for Client Protection. The referee also found that Hendree failed to demonstrate by clear, satisfactory and convincing evidence that he lacked the financial resources to make restitution.

The referee further concluded that Hendree failed to demonstrate by clear, satisfactory and convincing evidence that he has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and that he will act in conformity with those standards. The referee also found that Hendree failed to timely respond to OLR's requests for

information. The referee also concluded that Hendree failed to demonstrate by clear, satisfactory and convincing evidence that he has complied fully with the terms of the order of suspension and that he will continue to comply with them until his license is reinstated.

While the referee noted that the suspension of Hendree's license has had a profound effect on him, she said unfortunately Hendree failed to comply with this court's order of suspension. The referee said most troubling was Hendree's testimony that he disagreed with the findings of the court's orders in the disciplinary proceeding. The referee noted that while Hendree indicated he plans to practice criminal law and represent immigrants accused of crimes under the Patriot Act, there was no testimony as to how he intends in the future to avoid the types of situations that resulted in his current suspension.

The referee said Hendree continues to have problems with timeliness and that he failed to fully cooperate with the OLR in its investigation. She said his testimony does not indicate he has an understanding of the Rules of Professional Conduct and that he will act in conformity with those rules. The referee recommended that Hendree demonstrate the corrective effect that the suspension has had on him by complying with the suspension order and meeting the requisite burden of proof required by SCR 22.31.

As noted, Hendree has not appealed from the referee's report, findings of fact, conclusions of law and recommendation that his petition for reinstatement be denied.

We determine that the record supports the referee's findings with respect to Hendree's petition for reinstatement and we adopt them. We also agree that Hendree has not met his burden imposed by SCR 22.31

of demonstrating by clear, satisfactory and convincing evidence that his resumption of the practice of law would not be detrimental to the administration of justice or subversive to the public interest. Accordingly, we deny his petition for reinstatement. We further conclude that Hendree should be responsible for the costs of this proceeding.

IT IS ORDERED that Ronald W. Hendree's petition for reinstatement of his license to practice law in this state is denied.

IT IS FURTHER ORDERED that within 60 days of the date of this order Ronald W. Hendree shall pay to the Office of Lawyer Regulation the costs of this reinstatement proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Ronald W. Hendree to practice law in Wisconsin shall remain suspended until further order of the court.

Butler, J., took no part.